SMITH, Justice:
Johnny W. West was indicted for grand larceny in connection with the theft of several guns belonging to one Reddoch. He was tried in the Circuit Court of Jones County, convicted and sentenced to serve a term of two years in the penitentiary. This appeal is from that conviction and sentence.
Of the several errors assigned only one has merit. At the time of the alleged larceny West was living in the home of Red-doch. They were, and had been for a long time, on intimate terms. There is no dispute whatever, and West fully admits, that he took the guns and sold them. West says *651 that he had bought the guns from Reddoch, Reddoch says that he had not. This was the single fact at issue, and as to it the testimony of West is incapable of being reconciled with that of Reddoch. In this state of the case, the prosecution offered, and the trial court admitted into evidence over objection, a so-called “receipt”, executed by the Laurel Police Department and given to the gun dealer to whom West had sold the guns. This was in the following form:

Bearing in mind that there was absolutely no issue or question whatever as to the taking of the guns by West or as to their sale by him to the gun dealer, or as to the identity of the guns, and that the only issue of fact in the case was whether West had bought the guns from Reddoch and that the taking was therefore lawful, or whether he had not bought them and the taking was larceny and that neither the version of West nor that of Reddoch was supported by any disinterested or independent witness, we cannot say with any degree of confidence that this did not tip the scales against West.
The introduction of the “receipt” served no ascertainable legitimate evidentiary purpose under the facts in the record. Its effect was to place before the jury what at least gave the appearance of being a certificate of the Laurel Police Department, signed by one of its officers, stating its view that West had stolen the guns.
If the issue had been different, or if it had served a necessary or proper eviden-tiary purpose, the error might have been regarded as harmless. However, in this case, the guilt or innocence of West was entirely dependent upon whether the jury believed him or Reddoch. It was prejudicial error under the circumstances to permit the introduction into evidence of what appeared to be a formal or official certificate appearing to express the view or opinion of the Laurel Police Department that the guns had been stolen. Appellant’s objection to its introduction should have been sustained. The judgment appeal *652 ed from, therefore, must be reversed and the case remanded for a new trial.
Other matters assigned as error are without merit.
Reversed and remanded for a new trial.
ETHRIDGE, C. J., and PATTERSON, INZER and ROBERTSON, JJ., concur.